IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS J. BELL**, *et al.*, | : | CIVIL ACTION NO. 3:08-CV-1926 |
| **Plaintiffs** | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | |
| **LACKAWANNA COUNTY**, *et al.*, | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 7th day of June, 2011, upon consideration of plaintiffs' motion (Doc. 119) to disqualify Thomas Myers, Esquire, and the law firm of Elliott Greenleaf & Dean, (collectively, "defense counsel"), as counsel for defendants Lackawanna County, Corey O'Brien, and Michael Washo (collectively, "defendants") in the instant matter, and it appearing that plaintiffs allege that defense counsel's prior representation of plaintiff Anthony Bernardi ("Bernardi") gives rise to a successive conflict of interest in the instant case,[1] and it appearing that defense counsel previously represented defendant Lackawanna County in Wrightson, et al. v. Lackawanna County, et al., No. 3:04-cv-00038 (M.D. Pa.), a case

---

[1] Pennsylvania Rule of Professional Conduct 1.9 states that:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent.

PA. RULES OF PROF'L CONDUCT R. 1.9.

in which Bernardi testified as an employee of Lackawanna County,[2] and the court finding that defense counsel's involvement in the <u>Wrightson</u> case does not give rise to a successive conflict of interest because defense counsel did not represent Bernardi,[3] and the court further finding that no conflict of interest exists because <u>Wrightson</u> did not involve the "same or substantially related matter" as the instant

---

[2] Bernardi, a former employee of Lackawanna County, provided limited testimony in <u>Wrightson</u>. (Doc. 122 at 13). The extent of Bernardi's participation in <u>Wrightson</u> consisted of being deposed and signing a sworn declaration of fact as a witness on defendants' behalf. (<u>Id.</u> at 3; <u>see also</u> Doc. 123-19). Defense counsel admits to assisting Bernardi with his testimony on behalf of Lackawanna County; however, it maintains that Lackawanna County, not Bernardi, was its client. Defendants contend that plaintiffs cannot establish that Bernardi "had the kind of relationship with Defendants' counsel that would justify disqualifying them." (Doc. 122 at 13).

[3] Pennsylvania Rule of Professional Conduct 1.13 states that:

(a) A lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents.
[6] The duty defined in this Rule applies to governmental organizations.

PA. RULES OF PROF'L CONDUCT R. 1.13.

Notwithstanding plaintiffs' allegation that defense counsel previously represented Bernardi in connection with the <u>Wrightson</u> case, the court finds that defense counsel actually represented Lackawanna County, the "organization," and two commissioners thereof. The court is not persuaded that defense counsel represented Bernardi, who merely provided testimony as an employee of Lackawanna County. <u>See</u> <u>Cohen v. Oasin</u>, 844 F. Supp. 1065, 1067 (E.D. Pa. 1994) ("The party seeking to disqualify opposing counsel bears the burden of clearly showing that continued representation would be impermissible.").

case,[4] and the court noting that Bernardi's involvement in the <u>Wrightson</u> case is now a matter of public record,[5] and the court concluding that disqualification is not

---

[4] Assuming, *arguendo*, that defense counsel represented Bernardi in the <u>Wrightson</u> case, their representation of defendants in the instant matter would still not constitute a violation of Rule 1.9. The instant case is not "the same" or "substantially related" to <u>Wrightson</u> within the ambit of Rule 1.9. In the instant case, plaintiffs allege that two superiors, Washo and O'Brien, are responsible for their terminations. In <u>Wrightson</u>, plaintiffs alleged that a different individual, Cordaro, was responsible for the terminations. Here, defendants conducted an apolitical, open hiring process. By contrast, political appointments propelled the <u>Wrightson</u> claim.

[5] Pennsylvania Rule of Professional Conduct 1.13 (c) states that:

(c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
(1) use information relating to the representation to the disadvantage of the former client <u>except</u> . . . when the information has become generally known.

PA. RULES OF PROF'L CONDUCT R. 1.13 (c)(emphasis added).

warranted under the circumstances presented in the instant case,[6] it is hereby

ORDERED that:

1. The motion (Doc. 119) for disqualification is DENIED.

2. A revised schedule for briefing the pending motions for summary judgment shall issue separately.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[6] Disqualification is a harsh measure and is generally disfavored by the court. See Buschmeier v. G & G Inv., Inc., 2007 WL 4150408 at *5 (W.D. Pa. 2007). see also Javorski v. Nationwide Mut. Ins. Co., 2006 WL 3242112 at *8 (M.D. Pa. 2006); Jordan v. Philadelphia Housing Auth., 337 F.Supp.2d 666 (E.D. Pa. 2005). The court has an obligation to prevent opposing parties from using motions to disqualify for tactical purposes. See Buschmeier, 2007 WL 415 at *5. see also Commonwelath Ins. Co. V. Graphix Hot Line, Inc., 808 F.Supp. 1200, 1203 (E.D. Pa. 1992). Moreover, the court should only grant a motion to disqualify when it determines that disqualification is an appropriate means of enforcing the applicable disciplinary rule. See U.S. v. Miller, 624 F.2d 1198, 1201 (3d Cir. 1980).
    In the instant matter, plaintiffs did not move to disqualify defense counsel until summary judgment motions had been filed, nearly 27 months after defendants filed their answer undersigned by the law firm with the alleged conflict of interest. See PA. RULES OF PROF'L CONDUCT R. 1.10 (e) ("While lawyers are associated in a firm, a prohibition . . . that applies to any one of them shall apply to all of them."). This circumstance, in addition to the circumstances discussed infra, notes 2-4, lead the court to conclude that disqualification is not appropriate.